UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD LAVERY,

                Plaintiff,

v.                                Case No. 3:05-cv-634-J-16HTS

CHAWAWA PINUA,

                Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of Century Correctional Institution in Century, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on July 8, 2005. The allegations contained in the complaint concern issues arising from his incarceration within the Bradford County Jail. The civil rights complaint form, in section III.C., requires Plaintiff to exhaust the administrative grievance procedures and to attach copies of the grievances, appeals, and responses to the complaint form as a verification that he has initiated and completed the grievance process. Section III states that Plaintiff initiated the grievance procedures available at the institution with regard to the issues contained in the complaint. However, Plaintiff must submit copies of his grievances, appeals, and responses in order to comply with the requirements of the civil rights complaint form and must fully exhaust all available administrative grievance procedures with regard to all of the issues raised in the

complaint.   Plaintiff states that he filed a grievance, but was transferred the next day.   Therefore, it is unclear as to whether the grievance is still pending or whether Plaintiff should inquire as to obtaining copies of his grievance and the response. Plaintiff failed to attach a copy of his grievance that was apparently sent to the jail administrator.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e).   The pre-PLRA section 1997e granted district courts discretion whether to require a prisoner to exhaust his administrative remedies.   See 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996).   Congress now has mandated exhaustion in the PLRA.   42 U.S.C. § 1997e(a).   The current section reads as follows:

> (a)   Applicability  of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See 42 U.S.C. § 1997e(a); Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners.

It is clear that "Congress enacted this mandatory exhaustion requirement in section 1997e(a) as part of the PLRA's effort to curtail frivolous and abusive prisoner litigation."   Alexander v.

Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998) (citing Rivera v. Allin,

144 F.3d 719, 727-28 (11th Cir. 1998)).  Further, federal courts

have stated that the penal facility, during the administrative

exhaustion process, "may give a statement of its reasons that is

helpful to the district court in considering the merits of the

claim." Id. at 1325 (citations omitted).  Specifically, there are

seven policies favoring exhaustion:

> (1) to avoid premature interruption of the
> administrative process; (2) to let the agency
> develop the necessary factual background upon
> which decisions should be based; (3) to permit
> the agency to exercise its discretion or apply
> its expertise; (4) to improve the efficiency
> of the administrative process; (5) to conserve
> scarce judicial resources, since the
> complaining party may be successful in
> vindicating rights in the administrative
> process and the courts may never have to
> intervene; (6) to give the agency a chance to
> discover and correct its own errors; and (7)
> to avoid the possibility that "frequent and
> deliberate flouting of the administrative
> processes could weaken the effectiveness of an
> agency by encouraging people to ignore its
> procedures."

Id. at 1327 (citations omitted).  Each policy is served by

requiring Plaintiff to fully exhaust remedies where the penal

facility has an available administrative remedy procedure.

Thus, because exhaustion is a pre-condition to suit and

because the administrative grievance procedures are important for

effectively determining how the facility has addressed the issues

presented to it, it is extremely necessary and useful for Plaintiff

to comply with the procedures as set forth in the instructions to the civil rights complaint form.

Here, Plaintiff has not completed the administrative grievance procedures.  However, as stated in the complaint, he has initiated the grievance procedures, but his grievance has not been answered and/or returned.   Because Plaintiff has not completed the administrative exhaustion process, this case will be dismissed without prejudice to allow Plaintiff to either resubmit the grievance and/or contact the appropriate officials to follow up on the status of the pending grievance.   Plaintiff may consider attaching this Order to such documents as notification to the penal facility that he is eagerly awaiting a response and that a response will assist this Court in resolving the issues of the case.

In refiling, Plaintiff should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form and must fully exhaust all available administrative grievance procedures.

Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:   whether the conduct complained of was committed by a person acting under color of state law; and, whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.   A private citizen is not a person acting under color of state law.   See Rayburn v.

Hoque, 241 F.3d 1341, 1347 (11th Cir. 2001).  Here, Plaintiff has failed to meet the first prong of this two-part test because he has neither alleged nor shown that Defendant Chawawa Pinua, an inmate at the Bradford County Jail, was acting under color of state law.

Thus, for these reasons, this Court is of the opinion that this case should be dismissed without prejudice.

Therefore, it is now

**ORDERED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.    The Clerk of the Court shall send a civil rights complaint form and an Affidavit of Indigency to Plaintiff for his future use if he chooses to do so.  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to initiate a new case.

4.    The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2005.


sc 7/19
c:
Donald Lavery

JOHN H. MOORE II
United States District Judge

- 5 -